819 F.2d 1052
 Glenn W. THOMPSON, Plaintiff-Appellant,
Jean Virlee Baker Hartmann, Defendant,
v.
Tom WOODALL, as Chairman of the Madison County Democratic
Executive Committee; and the Madison County Democratic
Executive Committee; and John Baker, Chairman of the State
Democratic Executive Committee State of Alabama Democratic
Executive Comm., Defendants-Appellees.
 No. 86-7502.
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 June 22, 1987.
 
 Clarence F. Rhea, Rhea, Boyd & Rhea, Donald R. Rhea, Gadsden, Ala., for plaintiff-appellant.
 Julian D. Butler, Butler & Royer, Huntsville, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, VANCE and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glenn W. Thompson appeals from a judgment of the United States District Court for the Northern District of Alabama entered in favor of the County Democratic Executive Committee in Thompson's action filed pursuant to 42 U.S.C.A. Sec. 1983, challenging the County Executive Committee's action excluding him as a potential candidate for a local party office. Thompson's Section 1983 civil rights complaint against the chairman and executive officers of the Madison County, Alabama, D.E.C. and against the chairman and executive officers of the State of Alabama D.E.C. was based upon his contention that the defendants violated his constitutional rights by discriminatorily denying his certification. Thompson alleges that he fully complied with party requirements and that the defendants discriminated against him by first certifying him and then decertifying him after his candidacy was challenged. Thompson requested injunctive relief requiring the County D.E.C. to certify his candidacy, a declaration that his civil rights had been violated and a claim for damages.
 
 
 2
 The district court held that Thompson's action to seek review of a political party's refusal to permit him to be a candidate for a local party office failed to present a justiciable controversy that was cognizable under 42 U.S.C.A. Sec. 1983, 637 F.Supp. 944. We hold that the district court was correct.
 
 
 3
 Last fall this Court held in Curry v. Baker, 802 F.2d 1302, 1314 (11th Cir.1986), that the concepts of limited federal jurisdiction and of the remedy afforded by Section 1983 operate to restrict federal relief in the state election context. In Curry we further held that a distinction exists "between state laws and patterns of state action that systematically deny equality in voting, and episodic events that, despite nondiscriminatory laws, may result in the dilution of an individual's vote. Unlike systematically discriminatory laws, isolated events that adversely affect individuals are not presumed to be a [constitutional violation]."
 
 
 4
 The Court in Curry thus concluded that "garden variety" election disputes do not rise to a level of a constitutional deprivation actionable in federal court because "our federal system contemplates that states will be primarily responsible for regulating their own elections," and thus federally protected rights are implicated only where "the entire election process--including as part thereof the state's administrative and judicial corrective process--fails on its face to afford fundamental fairness." Curry, 802 F.2d at 1315-17.
 
 
 5
 The judgment of the district court is AFFIRMED.